■ In the Matter of HERBERT DONALDSON et al., on Behalf of Themselves
and All Others Similarly Situated, Respondents, v. LEO BROWN, as Commissioner
of the Department of Marine and Aviation of the City of New York, et al.,
Appellants.— Judgment unanimously reversed, on the law, with $50 costs to
appellants and the petition dismissed, with $10 costs. Assuming that the New
York City Mayor's Executive Order No. 49 (1958), adopted by the Board
of Estimate and Apportionment, and the Rules and Regulations of the

Commissioner of Marine and Aviation are valid and enforcible, and bind the Commissioner, in accordance with their terms to process, discuss and attempt to resolve employee grievances with union representatives of the employees, nevertheless, the petitioners have failed to establish their right to any relief in this article 78 proceeding. The petitioners are licensed marine officers employed on ferries operated by the Department of Marine and Aviation of the City of New York (the Department). They claim grievances arising out of the alleged failure of crew members to obey the petitioners' orders and commands and the alleged refusal of the Department to discipline and suspend from ferry duty the alleged disobedient crew members. They insist and the judgment herein directs that the Department "forthwith" meet with the National Marine Engineers Beneficial Association, District 1, AFL-CIO (MEBA), as petitioners' representatives, for the processing, discussion and resolution of their alleged grievances. It does not appear, however, that the petitioners have complied with the prescribed grievance procedures. Neither they nor their representative, MEBA, have presented their alleged grievances to "the supervisor in the division or branch of the department where the grievance is claimed to have occurred" nor have they reduced their alleged grievances to writing, all as required by the aforesaid Executive Order and the aforesaid rules and regulations. Under the circumstances, the pursuit of the duly precribed administrative procedural steps was a condition precedent to the right of petitioners to mandamus relief. Furthermore, it appears that the petitioners, instead of resorting to the duly prescribed grievance procedures, failed to report for duty, stopped work, and have engaged in picketing activities, as a result of which the city ferry service has been disrupted and serious safety problems have arisen. Their conduct appears to have been in violation of the Condon-Wadlin Act (Civil Service Law, § 108, subd. 1) and, in any event, constitutes such bad faith or inequitable conduct as to preclude the petitioners from relief in this proceeding. (See 22 Carmody-Wait, N. Y. Prac., §§ 108, 109, p. 208; *People ex rel. Wood* v. *Board of Assessors,* 137 N. Y. 201; *Matter of Dr. Bloom Dentist* v. *Cruise,* 259 N. Y. 358.) Finally, it does not appear that, under all the circumstances, the Commissioner's refusal to forthwith meet with MEBA, as the representative of the petitioners, was unreasonable and arbitrary. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.