■ In the Matter of LAURETTA V. DE HANEY et al., on Behalf of Themselves and All Other Residents of the GEOGRAPHIC AREA OF BEDFORD AVENUE, BERGEN STREET, NEW YORK AVENUE AND ATLANTIC AVENUE, BOROUGH OF BROOKLYN, Respondents, v. NEW YORK STATE LIQUOR AUTHORITY et al., Appellants.— In a proceeding pursuant to section 123 of the Alcoholic Beverage Control Law, the appeals are from a judgment of the Supreme Court, Kings County, dated August 28, 1967, which annulled the determination of appellant State Liquor Authority approving the application of appellants Stern and Harf for a retail liquor store license and issuing such license. Judgment reversed, on the law, without costs, and petition dismissed, without costs. The relief sought in this proceeding was a review of the administrative discretion of the State Liquor Authority in the granting of a liquor license. No grounds of illegality were shown. We are of the opinion that such a proceeding must be commenced within four months of the date of the issuance of the liquor license (CPLR 217; *Matter of Saul* v. *State Liq. Auth.*, Sup. Ct., Orange County, Nov. 24, 1967). This proceeding was not commenced within the limited four months. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

■ In the Matter of PACIFIC STREET NEIGHBORHOOD ASSOCIATION et al., Petitioners, v. NEW YORK STATE LIQUOR AUTHORITY et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of respondent State Liquor Authority dated December 14, 1965, which approved the application of respondents Stern and Harf for a retail liquor store license. Petition dismissed, without costs. Petitioners are not aggrieved by the determination and do not have standing to bring this proceeding. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

■ MARJORIE KLUTH et al., Infants, by WINFIELD KLUTH, their Father and Natural Guardian, et al., Respondents, v. PATRICIA JACKSON, Appellant, et al., Defendants.— Appeal, as limited by appellant's brief, from so much of a judgment of the Supreme Court, Richmond County, entered June 14, 1967, as is against appellant. Judgment affirmed insofar as appealed from, with one bill of costs to respondents filing a brief (cf. *Burns* v. *Wheeler*, 17 A D 2d 173; *Paone* v. *Magee*, 18 A D 2d 728). Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.