29 N.Y.2d 925 (1972)
In the Matter of Allstate Insurance Company et al., Appellants,
v.
Richard E. Stewart, as Superintendent of Insurance of the State of New York, et al., Respondents.
Court of Appeals of the State of New York.
Argued November 16, 1971.
Decided January 13, 1972.
Robert J. Ward, Alfred J. Bohlinger and David H. Lieberman for appellants.
Louis J. Lefkowitz, Attorney-General (Charles A. La Torella, Jr. and Samuel A. Hirshowitz of counsel), for Superintendent of Insurance, respondent.
Edward Cherney and Sidney Gaines for New York Automobile Insurance Plan, respondent.
Philip Hoffer, Rose L. Hoffer and Peter T. Affatato for Empire Mutual Insurance Company, respondent.
Concur: Chief Judge FULD and Judges BURKE, BREITEL and GIBSON. Judge JASEN dissents and votes to reverse in the following opinion in which Judges SCILEPPI and BERGAN concur.
Order affirmed, without costs, on the opinion at the Appellate Division.
JASEN, J. (dissenting).
Petitioners, insurance companies duly licensed to write motor vehicle liability insurance in the State of New York, voluntarily underwrote during 1968 and 1969 greater amounts of insurance on "Class 2" risks (male drivers under 25) than was required under the New York State Assigned Risk Plan. The plan, in existence since 1960, permitted insurance companies to receive credit against their percentage of private passenger nonfleet automobile assigned premiums equal to 200% of the "Class 2" risks voluntarily written. Inasmuch as the necessary statistical data was not available at the expiration of each calendar year, the operating procedure of the plan was to apply this credit against risk assignments made two years after the voluntary writing. Thus, the credits earned in 1968 *927 and 1969 were to be applied to reduce risk assignments in 1970 and 1971 respectively.
In 1969, the Superintendent of Insurance conducted hearings concerning a new assigned risk plan which, among other changes, provided for the phasing down of the 200% credits earned in 1968 and 1969 to 175% for 1970 and 150% for 1971, respectively, with further phasing down thereafter so that by January 1, 1973, the credit would be 100%. On November 26, 1969, the Superintendent, in a letter to the respondent association, approved "the Plan and rating proposals as submitted on November 26, 1969, subject to approval of forms to be used in connection with said proposals and to be submitted prior to the proposed effective date of the Plan." Section 2 of the approved plan provided that "This Plan shall take effect December 22, 1969." In addition, the words, "EFFECTIVE DECEMBER 22, 1969", were prominently printed on the front cover of the plan.
This article 78 proceeding to set aside the determination upon the grounds that it constituted an unlawful alteration of a contractual agreement was commenced by petitioners on April 20, 1970, less than four months after the "effective" date of the plan and more than four months after the "approval" date of the plan. The Appellate Division, in reversing Special Term, held that the petition was barred by the four-month Statute of Limitations. (Insurance Law, § 34[1] and CPLR 217[2].)
In my view, the language of the letter and plan is clear and should be given effect. The letter of approval refers to the "proposed effective date of the Plan", and the plan itself, both on the cover and in the text, recites that the plan shall take effect December 22, 1969. No other reasonable conclusion can be reached than that December 22, 1969 was the date when the determination became "final and binding upon the petitioner[s]". (CPLR 217.) While it is true that the Superintendent of Insurance *928 had the power to designate November 26, 1969, as the "final and binding" date, this was not done. Instead, the Superintendent approved the plan on November 26, but delayed the effective date of the plan to December 22, thereby creating, at best, an ambiguity as to the "final and binding" date of the determination. Public policy requires we avoid placing a party or his counsel in a position of having to guess when a "final and binding" determination has been made. The burden should be upon the public body to make clear its determination. Any ambiguity created by the public body should be resolved against it in order to reach a determination on the merits and not deny a party his day in court. (Matter of Castaways Motel v. Schuyler, 24 N Y 2d 120, 126-127.)
Accordingly, I would reverse the order of the Appellate Division and reinstate the order at Special Term.
Order affirmed, etc.
NOTES
[1] "§ 34. Judicial review of orders, regulations and decisions of superintendent. Notwithstanding the specific enumerations of the right to judicial review in this chapter, any order, regulation or decision of the superintendent is declared to be subject to judicial review in a proceeding under article seventy-eight of the civil practice law and rules."
[2] "§ 217. Proceeding against body or officer; four months. Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner or the person whom he represents in law or in fact".