■ RAMON RODRIQUEZ, Appellant, v CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered March 17, 1976, denying and dismissing the petition in this CPLR article 78 proceeding in the nature of mandamus, unanimously affirmed, without costs and without disbursements. Petitioner, an honorably discharged veteran, was appointed to the police force on November 19, 1973. In taking the civil service examination for the force, petitioner applied for a veteran's preference. However, in computing his final grade on the examination, following investigation by the Department of Personnel, Bureau of Investigation, it was concluded on or about November 14, 1973 that petitioner was not qualified for a veteran's preference. On June 6, 1975, due to the city's financial crisis, petitioner received a letter from the police department informing him that his employment was terminated effective June 30, 1975 and that his "name [was] being placed on a preferred list and that [he would] be eligible to be rehired when fiscal conditions improve." Petitioner thereafter applied for a veteran's preference for retention purposes. Section 85 of the Civil Service Law, entitled "Additional credit allowed veterans in competitive examinations; preference in retention upon abolition of positions", in paragraph (a) of subdivision 1, defines the term "veteran" as a "member of the armed forces of the United States who served therein in time of war, who was honorably discharged * * * from such service, who was a *resident of this state at the time of entrance into the armed forces* of the United States *and* who is a citizen and resident thereof at the time for appointment or promotion or at the time of retention, as the case may be" (emphasis supplied).* On June 11, 1975, petitioner was informed by letter

---

* Section 6 of article V of the Constitution of the State of New York similarly

that his application for a veteran's preference was denied because he was not a resident of New York State when he entered the armed forces. Despite advice in this letter to the effect that if he believed the administrative determination to be incorrect, he could "submit a letter of protest to the Civil Service Commission explaining why [he believed] that this decision is not in accordance with * * * Civil Service Law" which "PROTEST * * * ACCOMPANIED BY DOCUMENTARY EVIDENCE, MUST BE SUBMITTED TO THE COMMISSION * * * WITHIN FIVE (5) DAYS FROM THE DATE OF THIS LETTER," petitioner failed to take any action until October 29, 1975 (some four and one-half months later) when he instituted this article 78 proceeding seeking reinstatement on the ground he was entitled to the veteran's preference in that he was a resident of New York at the time he entered military service. Initially, it is observed that petitioner's application is barred by the four-month Statute of Limitations (CPLR 217) which provides that such proceeding "must be commenced within four months after the determination to be reviewed becomes final and binding upon petitioner". Petitioner's contention that the Statute of Limitations began to run on the date of his discharge from the police force (June 30, 1975) and not the date he received the letter notifying him that he was not entitled to a veteran's preference (June 11, 1975) is without merit. In the instant case, the determination to be reviewed is not petitioner's dismissal from the police force, but, rather, the determination that he was not entitled to the preference. The dismissal from the force was merely an event which occurred subsequent to the determination to be reviewed and, therefore, the Statute of Limitations began to run on June 11, 1975 (see *Matter of Allstate Ins. Co. v Stewart*, 36 AD2d 811, affd 29 NY2d 925). To reiterate, it is the refusal to grant petitioner a veteran's preference for the purpose of retention on the force and not petitioner's discharge from the force which is claimed to be improper. Intertwined with the issue of the statutory time bar, is that of petitioner's failure to exhaust his administrative remedies (CPLR 7801, subd 1). Had petitioner exercised his administrative remedies, respondent, assuming error had occurred, could have corrected such error without prejudice to itself and others. Patently, the failure by petitioner to protest the denial of a veteran's preference within five days of receipt of the letter under the circumstances presented by this record has now served to severely prejudice respondents. Petitioner cannot now be permitted to undo by court action that which he could have accomplished had he pursued his administrative remedies (see *Matter of Donaldson v Brown*, 24 AD2d 714; *Matter of Delia Corp. v New York State Tax Comm.*, 38 AD2d 608). In conclusion, were we to consider the merits of petitioner's claim, it must be concluded that a hearing is not warranted. It

provides for veterans' preference and credits in connection with civil service appointments and promotions provided the "member of the armed forces of the United States who served therein in time of war * * * is a citizen and resident of this state *and was a resident at the time of his entrance into the armed forces of the United States* and was honorably discharged" (emphasis supplied). This constitutional provision has been held not to abridge the privileges of citizens of the United States and not to deny them the equal protection of the laws because it grants preference to only a limited class of veterans; the State has the right to provide that only war veterans *who were residents of the State at the time of their entrance into military service* may obtain this preference *(Matter of Gianatasio v Kaplan,* 142 Misc 611, affd 257 NY 531, app dsmd 284 US 595; see *August v Bronstein,* 369 F Supp 190, upholding this section and section 85 of the Civil Service Law to be not violative of equal protection clause as infringing upon right to travel; see, also, *Matter of Potts v Kaplan,* 264 NY 110).

is clear from the record that petitioner enlisted in the military service in Chicago and gave a Chicago address as his home at the time of entry into the service. His bare claim that he always intended to remain a resident of New York, resting as it does on the expression of a subjective intent, is insufficient to raise a triable issue of fact in the face of documentary proof and other circumstances to the contrary. Concur—Markewich, J. P., Lupiano, Silverman, Lane and Nunez, JJ.