■ In the Matter of CHARLES BEATTY, JR., Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent New York City Transit Authority "terminating" petitioner's promotion to the position of dispatcher, he appeals from a judgment of the Supreme Court, Kings County, entered October 24, 1977, which, *inter alia,* dismissed the petition, without a hearing. Judgment reversed, on the law, without costs or disbursements, and the matter is remitted to Special Term for a hearing in accordance herewith. The petitioner, an honorably discharged veteran, is employed by the respondent, New York City Transit Authority, as a surface line operator. In June, 1971 he took an examination to be promoted to the position of surface line dispatcher. He made a claim for, and was granted, an additional 10 points for veterans' and disabled veterans' preference

credit. On October 13, 1971 the petitioner formally filed for a preference. The claim form supplied by the investigative division of the Department of Personnel requested that certain information be supplied as it appears on the applicant's discharge papers. Among the information requested was the applicant's address at the time of entry into military service. The petitioner had enlisted in North Carolina, and gave as his address Route 1, Council, North Carolina, where he was born. The petitioner passed the examination and was promoted to the title of dispatcher on January 7, 1973. In early October, 1975 he was notified by the city personnel director that his claim for a preference had been denied because he was not a resident of New York State at the time of his entry into military service. He was also informed that his position on the examination list had been adjusted downward, and as a result of the denial of the preference his name would not be reached for promotion. His certification for the position of dispatcher was revoked, and his promotion was terminated. The transit authority was also advised to terminate his services as a dispatcher no later than October 24, 1975. On October 22, 1975, the petitioner appealed to the Civil Service commission from the determination denying his claim for a preference. He was permitted to remain in the new position pending resolution of the appeal. On January 28, 1976, the Civil Service Commission denied the appeal and directed the transit authority to terminate the petitioner's services in the new position. In February, 1976, the petitioner was demoted to his former position. The petitioner then brought this proceeding seeking, *inter alia,* to be reinstated to the position of dispatcher retroactive to February 7, 1976, with tenure, back pay and other benefits. He also sought a hearing on the factual questions raised in his petition. Special Term denied the hearing and dismissed the petition. The denial of the preference was based on section 85 of the Civil Service Law entitled "Additional credit allowed veterans in competitive examinations; preference in retention upon abolition of positions". Section 85 (subd 1, par [a]) of the Civil Service Law defines a "veteran" as a "member of the armed forces of the United States who served therein in time of war, who was honorably discharged * * * from such service, who was a resident of this state at the time of entrance into the armed forces of the United States and who is a citizen and resident thereof at the time of application for appointment or promotion". This same residency requirement is contained in section 6 of article V of the Constitution of the State of New York. The New York City Civil Service Commission based its termination of the petitioner's promotion on section 50 (subd 4, par [h]) of the Civil Service Law which states in part: "Notwithstanding the provisions of this subdivision or any other law, the state civil service department or appropriate municipal commission may investigate the qualifications and background of an eligible after he has been appointed from the list, and *upon finding facts which if known prior to appointment, would have warranted his disqualification,* or upon a finding of illegality, irregularity or fraud of a substantial nature in his application, examination or appointment, *may revoke such eligible's certification and appointment and direct that his employment be terminated,* provided, however, that no such certification shall be revoked or appointment terminated more than three years after it is made, except in the case of fraud." (Emphasis supplied.) In his affidavit in support of his petition, the petitioner states that he was born in Council, North Carolina, in 1934. In 1946, upon the death of his parents, he moved to New York and resided with his aunt in Queens. He thereafter considered himself a New York resident for all purposes. In 1952, at age 17, he left school and attempted to enlist in the armed forces. However, he

failed the written examination and was rejected. Desiring to enlist immediately, he sought induction in Trenton and in New Brunswick, New Jersey, but was again rejected. He then went to North Carolina with the specific intention of enlisting. Since he had no North Carolina residence and felt that a local address would make it easier to enlist he gave the recruitment personnel the address where he was born. He was thereafter inducted into the armed services. He further states that he possessed no indicia of residency in North Carolinia (e.g., mailing address, driver's license, telephone listing). In light of the petitioner's argument that his termination was in violation of subdivision 4 of section 50 of the Civil Service Law, and the facts contained in the petition's supporting affidavit, Special Term erred in dismissing the petition without a hearing. In denying a hearing Special Term relied on *Rodriquez v City of New York* (55 AD2d 532). *Rodriquez* also involved a claim for a veteran's preference. In dictum, the court threin said (pp 533-534): "Were we to consider the merits of petitioner's claim, it must be concluded that a hearing is not warranted. It is clear from the record that petitioner enlisted in the military service in Chicago and gave a Chicago address as his home at the time of entry into the service. His bare claim that he always intended to remain a resident of New York, resting as it does on the expression of a subjective intent, is insufficient to raise a triable issue of fact in the face of documentary proof and other circumstances to the contrary." It is not controverted in the instant case that the petitioner enlisted in North Carolina, and gave a North Carolina address. However, he has raised a sufficient factual question as to his actual residence to warrant a plenary hearing. Titone, J. P., O'Connor, Martuscello and Mangano, JJ., concur.