*659 OPINION OF THE COURT
Lawrence E. Kahn, J.
In this article 78 proceeding, petitioner seeks a judgment vacating, annulling and setting aside the determination of the respondent, New York State Tax Commission, which issued an assessment for sales tax arrearage for the period September 1,1970 through November 30,1975. Respondent has moved for a judgment pursuant to CPLR 7804 dismissing the petition upon objections in point of law: that this court lacks subject matter jurisdiction, that the petition fails to state a cause of action upon which relief can be granted, and that petitioner has failed to file the tax or bond with the Tax Commission prior to the commencement of this proceeding.
On March 28, 1980, the State Tax Commission entered a default order against petitioner after a duly scheduled hearing at which neither the petitioner nor his counsel appeared, requested an adjournment, or in any other way notified the commission that it was not going to so appear. Petitioner admits notice of the scheduled hearing. Additionally, it is evident that the amount of the tax sought to be reviewed, with penalties and interest thereon has not been deposited with the Tax Commission, nor has there been filed an undertaking in conformance with section 1138 (subd [a], par [4]) of the Tax Law. At issue herein is whether petitioner is barred from maintaining this proceeding as a result of his failure to appear at the duly scheduled administrative hearing and/or as a result of his failure to file the tax or a bond with the State Tax Commission as a condition precedent to the commencement of this proceeding.
This court agrees with the opinion of the Honorable Harold J. Hughes, issued in Matter of Galanter v State Tax Comm. (Supreme Ct, Albany County, Sept. 6, 1980). Therein, under facts strikingly similar to those at bar, Justice Hughes held that: “A default judgment by a petitioner during the administrative process deprives the administrative agency of the opportunity to correct the alleged error complained of (Rodriguez v City of New York, 55 AD2d 532, 533). A petitioner who fails to avail himself of the *660 administrative review procedures provided in the Tax Law is barred from bringing an Article 78 Proceeding (Matter of Delia Corp. v New York State Tax Comm., 38 AD2d 608).”
Further, as a separate and distinct ground requiring dismissal, petitioner’s failure to comply with subdivision (a) of section 1138 of the Tax Law is fatally defective. “[Fjailure to comply with section 1138 (subd [a]) of the Tax Law is a fatal jurisdictional defect” (Matter of Cooper v Tully, Supreme Ct, Albany County, Jan. 25, 1980, Conway, J.). As in Cooper (supra), the petitioner herein has not filed the required undertaking or paid the tax and, accordingly, the instant proceeding may not be maintained.