■ In the Matter of NILES A. EDMEAD, Respondent, v ROBERT J. McGUIRE, as Chairman of the Board of Trustees of the New York City Police Department Pension Fund Article 2, et al., Appellants.—Judgment of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered September 12,

1983, granting the petition to the extent of annulling respondents' determination and remanding the matter to respondents for further proceedings, is unanimously reversed on the law, without costs and without disbursements, and the petition is dismissed as untimely.

On June 10, 1982, the Medical Board of the Police Pension Fund recommended approval of the Police Commissioner's application to retire petitioner Edmead on ordinary disability because he was psychologically unsuited to perform the duties of a police officer. On June 18, 1982, the Board of Trustees of the Police Pension Fund certified that petitioner was mentally incapacitated for the performance of duty and should be retired.

At a meeting held on September 8, 1982, the Board of Trustees approved the Medical Board's recommendation and granted petitioner an ordinary disability retirement. On that same day petitioner was notified of this determination through a departmental teletype and directed to report to Department headquarters for formal processing of his retirement. Petitioner appeared at headquarters for retirement processing on September 10, 1982. Due to his prior Department service, petitioner was entitled to and granted one month and eight days of terminal leave, fixing his date of service separation as October 27, 1982.

On February 18, 1983, petitioner commenced this proceeding challenging the Board of Trustees' determination that he was incapacitated and its decision to retire him. This action took place over five months after the September 8, 1982, determination, but within four months of petitioner's date of service separation. In their answer, respondents asserted, *inter alia,* that this proceeding was time barred by the four-month Statute of Limitation period set forth in CPLR 217. Special Term rejected this argument. It found that the determination herein did not become final and binding until petitioner exhausted his terminal leave and was finally "separated from service" on October 27, 1982. Since the proceeding was brought within four months of this date, Special Term found it to be timely.

CPLR 217 requires that proceedings to review discretionary agency determinations "be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner." A determination is final and binding when no subsequent events need take place for the petitioner to be affected by the decision. *(Matter of Allstate*

*Ins. Co. v Stewart,* 36 AD2d 811.) According to this decision, the running of the limitation period is not tolled by the subsequent occurrence of "merely incidental" events. *(Id.)*

There is no dispute that the determination being challenged here is the finding that petitioner is mentally disabled from performing his duties. That determination was formally made on September 8, 1982, and petitioner was immediately notified of the Board of Trustees' decision and the fact that this determination required his retirement. Section B18-42.0 of the Administrative Code of the City of New York mandates that the Board of Trustees retire an employee once that employee is certified as incapacitated. The decision to terminate petitioner's employment, then, is not the disputed issue. There is no doubt that petitioner realized the full impact of the determination and its effect on his employment when he received the teletype on September 8, 1982.

That petitioner's final separation date was delayed until October 27, 1982, because of his entitlement, due to prior service, to one month and eight days of terminal leave, had no bearing or relation to the disability and retirement determinations. The establishment of the final separation date was merely an occurrence that was purely incidental to the Board of Trustees, determination of disability and is not the event from which the limitation period is measured. *(See, Rodriguez v City of New York,* 55 AD2d 532, 533; *Matter of Allstate Ins. Co. v Stewart, supra,* p 811.) Rather, the date from which the four-month limitation period is to be measured is the September 8, 1982, date of the determination of disability and mandatory retirement. Since this proceeding was commenced more than four months after this determination, the petition should be dismissed as untimely. Concur—Kupferman, J. P., Sullivan, Carro, Fein and Rosenberger, JJ.