◾ BRUCE SUTHERLAND, Appellant, v VILLAGE OF SUFFERN et al., Respondents.—In an action for a judgment declaring that the plaintiff is entitled to full seniority credit for all of his prior police services performed within the County of Rockland, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Kelly, J.), dated December 1, 1986, which, upon the defendants' motion, dismissed the action.

Ordered that the judgment is affirmed, without costs or disbursements.

CPLR 311 provides that personal service upon a village shall be made by delivering the summons to the Mayor, clerk or any trustee. In the instant case, the plaintiff merely served the defendant chief of police. While it may be argued that the village received actual notice of the suit inasmuch as the chief of police transmitted a copy of the summons and complaint to the Village Attorney, it has been held that "notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court" *(Feinstein v Bergner,* 48 NY2d 234, 241; *accord, Macchia v Russo,* 67 NY2d 592, 595; *De Zego v Donald F. Bruhn, P. C.,* 99 AD2d 823, 823-824, *affd* 67 NY2d 875). Moreover, inasmuch as the four-month Statute of Limitations applicable to proceedings pursuant to CPLR article 78 (CPLR 217) is applicable on the facts *(see, Solnick v Whalen,* 49 NY2d 224, 229-230; *Auto Body Fedn. v Lewis,* 80 AD2d 593, 594), the action was time barred. "A determination is final and binding when no subsequent events need take place for the petitioner to be affected by the decision" *(Matter of Edmead v McGuire,* 114 AD2d 758, 759, *affd* 67 NY2d 714). Since the limitation on seniority became final and binding and had its impact upon the plaintiff when he was hired and consented to the terms of employment offered him, the four-month Statute of Limitations operates as a bar to this action. Under the circumstances, the defendants' motion to dismiss the action was properly granted (CPLR 3211 [a] [5], [8]).

Furthermore, the defendants submitted documentary evidence consisting of the August 17, 1981, minutes of the Village Board of Trustees at which the lateral transfer of the plaintiff was discussed, a letter to the plaintiff from the Village Clerk, dated August 19, 1981, in which the plaintiff was informed that he would not receive credit for previous police service with respect to sick time, longevity or 20-year retirement, and the plaintiff's acceptance of those terms. Inasmuch as the evidence clearly indicated that the plaintiff voluntarily accepted employment as a police officer with the Village of Suffern in accordance with the terms upon which it was offered, the plaintiff effectively waived the protection of the Rockland County Police Act (L 1936, ch 524), thereby requiring dismissal of the action based on the documentary evidence defense and for failure to state a cause of action (CPLR 3211 [a] [1], [7]). Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.