■ In the Matter of METROPOLITAN PACKAGE STORE ASSOCIATION et al., Appellants, v THOMAS DUFFY et al., Constituting the New York State Liquor Authority, et al., Respondents.—In a proceeding pursuant to Alcoholic Beverage Control Law § 123 to prohibit, *inter alia,* the respondent members of the New York State Liquor Authority from approving certain Riunite wine products labels for the respondent Villa Banfi, U.S.A., the petitioners appeal from a judgment of the Supreme Court, Queens County (Graci, J.), dated February 1, 1988, which dismissed their proceeding as time barred.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In its determination of May 20, 1987, the respondent members of the New York State Liquor Authority determined (1)

that the three Villa Banfi, U.S.A. beverages at issue were "wine products" within the meaning of Alcoholic Beverage Control Law § 3 (36-a) and (2) that the current labels needed certain modifications. After granting successive extensions of time for Villa Banfi, U.S.A. to comply with its directives, September 15, 1987 was set as the final date by which the modifications had to be accomplished.

The essence of the relief sought in this proceeding is a review of the administrative discretion of the New York State Liquor Authority in granting a brand label approval and as such is governed by the four-month Statute of Limitations promulgated in CPLR 217 *(Matter of De Haney v New York State Liq. Auth.,* 30 AD2d 536). CPLR 217 provides that "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner".

A determination is considered final and binding for CPLR 217 purposes when it has an impact upon the petitioner and when he knows he is aggrieved *(see, Matter of Cabrini Med. Center v Axelrod,* 107 AD2d 965; *Matter of Filut v New York State Educ. Dept.,* 91 AD2d 722, *lv denied* 58 NY2d 609). It is considered final and binding when no further events need take place for him to be aggrieved *(see, Matter of Edmead v McGuire,* 114 AD2d 758, 759).

At bar, the petitioners were aggrieved by the May 20, 1987 determination that the Villa Banfi, U.S.A. beverages at issue were "wine products" which could be sold at grocery stores and supermarkets, not wines which could be sold only at duly licensed "package stores". The subsequent dates extending the time allowable for label modification were "merely incidental" to the New York State Liquor Authority's determination and did not affect the determination which aggrieved the petitioners *(see, Matter of Allstate Ins. Co. v Stewart,* 36 AD2d 811, *affd* 29 NY2d 925; *Matter of Edmead v McGuire, supra).* The instant action was commenced on September 28, 1987, more than four months after the determination of the New York State Liquor Authority became final and binding upon the petitioners. Thus, the proceeding is time barred. In view of our decision finding the proceeding untimely, we do not rule on the merits of whether the beverages at issue were "wine products" as defined in Alcoholic Beverage Control Law § 3 (36-a). Mangano, J. P., Lawrence, Sullivan and Balletta, JJ., concur.