■ In the Matter of ANDREW J. CLARK, Appellant, v SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE et al., Respondents. [628 NYS2d 377] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Department of Health Services, Office of Employee Medical Review, dated March 18, 1993, finding the petitioner not qualified for the position of Suffolk County Police Officer, the petitioner appeals from an order and judgment (one paper), of the Supreme Court, Suffolk County (Mullen, J.), dated February 3, 1994, which upon granting the respondents' motion to dismiss the proceeding as time-barred and denying the petitioner's cross motion to amend the petition, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed with costs.

The petitioner is an applicant for the position of Suffolk County Police Officer. In 1992 the petitioner passed the written portion of the civil service examination and was notified that he had been placed seventh on the eligible list for the position. At the same time the petitioner was notified that if his name was reached for appointment he still had to pass "all qualifying tests", including a psychological examination. In February 1993 the Suffolk County Department of Health Services, Office of Medical Review (hereinafter Office of Medical Review), notified the petitioner that, based upon his psychological screening, he was recommended as "not qualified" for the position of

police officer, but that he could make one appeal for reconsideration. Thereafter the petitioner filed an appeal and was reevaluated. However, on March 18, 1993, he was again notified by the Office of Medical Review that he was recommended as "not qualified".

In October 1993 the petitioner commenced this CPLR article 78 proceeding to review the determination that he was "not qualified" and to compel his appointment as a police officer with the Suffolk County Police Department. Thereafter the respondents moved to dismiss the proceeding as time-barred pursuant to the four-month statute of limitations set forth in CPLR 217. The petitioner cross-moved for leave to amend the petition so as to allege that he never received notice from the Department of Civil Service that he was no longer under consideration for the position of police officer. The Supreme Court granted the motion to dismiss, denied the cross motion, denied the petition, and dismissed the proceeding. We affirm.

CPLR 217 provides that "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner". A determination is considered final and binding for CPLR 217 purposes when it has an impact upon the petitioner and when he knows he is aggrieved (see, Matter of Metropolitan Package Store Assn. v Duffy, 143 AD2d 832; Matter of Cabrini Med. Ctr. v Axelrod, 107 AD2d 965).

Contrary to the petitioner's contention on appeal, the March 18, 1993, notification from the Office of Medical Review constituted a final and binding determination by which the petitioner was aggrieved. At the point when the petitioner received this notification he was aware that in order to be appointed as a Police Officer he had to pass a psychological examination; that he had failed the psychological examination the first time; that only one appeal would be granted in the matter; and that, following the appeal, he had failed to pass the second psychological examination. Therefore, upon receipt of the March 18, 1993, notification, the petitioner was aware that he never became qualified to be appointed a Suffolk County Police Officer. The fact that the petitioner did not receive subsequent notification from the Suffolk County Department of Civil Service that it had undertaken the ministerial act of removing the petitioner's name from the eligible list is of no moment since it was the March 18, 1993 notification which was the final and binding determination (see, Matter of Edmead v McGuire, 114 AD2d 758).

Accordingly, the Supreme Court properly granted the

respondents' motion to dismiss this CPLR article 78 proceeding since it was commenced more than four months after the determination to be reviewed became final and binding upon the petitioner *(see,* CPLR 217). Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.