■ In the Matter of FRANK X. LACOSSE et al., Appellants, v MICHAEL E. McCAULEY, as Chief of Police of the Village of Menands Police Department, et al., Respondents. [645 NYS2d 921] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Kahn, J.), entered June 21, 1995 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time barred.

Petitioners, Frank X. Lacosse and Gary M. Bosko, commenced their service as police officers with respondent Village of Menands (hereinafter the Village) in Albany County on March 23, 1992 and March 11, 1993, respectively. Each had previously been employed as a police officer with the Village of Green Island in Albany County. In May 1994, petitioners made a demand of respondent Village Police Chief that they be credited for their former years of service with Green Island and that their past and future salaries, benefits, pensions and seniority be adjusted to reflect that credit pursuant to Town

Law § 153. Taking the position that petitioners' employment constituted a new hiring and not a lateral transfer, on July 7, 1994 the Village denied the request. Petitioners challenged the Village's determination in this CPLR article 78 proceeding, commenced November 4, 1994. Supreme Court dismissed the proceeding as barred by the applicable Statute of Limitations, and petitioners now appeal.

We affirm. Initially, we agree with Supreme Court's conclusion that the proceeding was not commenced within the four-month period prescribed in CPLR 217. The limitation on petitioners' seniority became final and binding at the time they were hired and consented to the terms of employment offered them (*see, Sutherland v Village of Suffern*, 139 AD2d 728, 729). We are not at all persuaded that petitioners could acquiesce in the payment of salary not reflecting their prior service for extended periods of time (26 months in Lacosse's case and 14 months in Bosko's case) without forfeiting their right to both administrative and judicial challenge. Notably, the collective bargaining agreement covering petitioners' employment provided for initiation of the prescribed grievance procedure within seven days of the occurrence of a dispute.

Further, we agree with respondent that Town Law § 153, which governs transfers from one *town* police department to another town or village police department in the same county, had no application to petitioners in any event. By its very clear terms, Town Law § 153 does not apply to transfers from a *village* police department, as was the case here, and when statutory language is clear and unambiguous, it must be applied as it is written (*see, Bordell v General Elec. Co.*, 208 AD2d 219, 221, *affd* 88 NY2d 869). Nor does the legislative history assist petitioners. In fact, a prior analogous provision applying to transfers from village police departments, former Village Law § 188-d, was intentionally omitted in the 1972 revision of the Village Law (*see,* L 1972, chs 887-895). As a result, "[s]uch matters as compensation * * * transfers, administration, etc. [were] left to the discretion of each village. Each village board [could] now establish rules and regulations for its own police department depending upon its own needs" (Joint Legislative Comm on Towns and Villages, Bill Jacket, L 1972, chs 887-895).

Petitioners' remaining contentions have been considered and also found to be unavailing.

Crew III, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.