■ In the Matter of MICHAEL DIAMOND, Appellant, v JOHN C. GALLAGHER, as Commissioner of the Suffolk County Police Department, et al., Respondents. [736 NYS2d 891] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents John C. Gallagher, the Suffolk County Police Department, and the County of Suffolk, dated May 13, 1998, terminating the petitioner from his employment as a Suffolk County Police Officer, the petitioner appeals from a decision of the Supreme Court, Suffolk County (Kitson, J.), dated August 23, 2000.

■ In the Matter of MICHAEL DIAMOND, Appellant, v JOHN C. GALLAGHER, as Commissioner of the Suffolk County Police Department, et al., Respondents. [736 NYS2d 892] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents John C. Gallagher, the Suffolk County Police Department, and the County of Suffolk, dated May 13, 1998, terminating the petitioner from his employment as a Suffolk County Police Officer, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Kitson, J.), dated October 4, 2000, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

CPLR 217 (1) provides that a proceeding pursuant to CPLR article 78 against a body or an officer must to be commenced "within four months after the determination to be reviewed becomes final and binding upon the petitioner." An administrative determination is final and binding when it has an impact upon the petitioner and when the petitioner knows he or she is aggrieved (*see, Matter of Meliti v Nyquist,* 41 NY2d 183; *Clark v Suffolk County Dept. of Civ. Serv.,* 216 AD2d 464; *Matter of Metropolitan Package Store Assn. v Duffy,* 143 AD2d 832). Here, the challenged determination became final on May 13, 1998, the date that the petitioner was terminated, as he was informed of the termination and he acknowledged it on that date. Accordingly, the Supreme Court correctly dismissed the proceeding commenced on June 5, 2000, as untimely.

The petitioner's remaining contentions are without merit. Smith, J.P., Friedmann, Adams and Cozier, JJ., concur.