■ In the Matter of THOMAS P. O'NEILL et al., Respondents, v ANN PFAU, Appellant. [955 NYS2d 618]—

The petitioners are the president of the Suffolk County Court Employees Association, Inc., four New York State Court Officers (hereinafter NYS Court Officers) assigned to Suffolk County courts, and a New York State Court Officer Sergeant (hereinafter NYS Court Officer Sergeant) also assigned to a Suffolk County Court, respectively. The NYS Court Officer Sergeant is not involved in this appeal.

By administrative order dated January 8, 2004 (hereinafter the January Order), the Chief Administrative Judge of the Courts of the State of New York (hereinafter the appellant) abolished the position of Court Officer (Judicial Grade [hereinafter JG]-16), and replaced it with the new position of NYS Court Officer (JG-17), effective January 8, 2004. In calculating the salaries of state employees such as the petitioners, who had a change in title from Court Officer (JG-16) to NYS Court Officer (JG-17) as of January 8, 2004, the appellant treated the new security title as a reclassification pursuant to Judiciary Law § 37 (5) instead of a reallocation pursuant to Judiciary Law § 37 (3) (c). The petitioners allege that as a result, they were deprived of a continuous service credit to which they were entitled, and that the appellant's failure to provide a continuous service credit lacks a rational basis. On April 7, 2004, state employees who had the change in title from Court Officer (JG-16) to NYS Court Officer (JG-17) received their first paychecks reflecting the pay increase to JG-17, but not a continuous service credit.

By administrative order dated December 22, 2004 (hereinafter the December Order), the appellant increased the judicial grade of NYS Court Officers from JG-17 to JG-18, retroactive to January 8, 2004. The petitioners allege that by making the increase in judicial grade retroactive rather than prospective, the appellant arbitrarily and capriciously denied them a reallocation benefit to which they were entitled pursuant to Judiciary Law § 37 (11). Specifically, they assert that, pursuant to that section, when a title is reallocated, the employee is entitled to remain in the same salary step as prior to reallocation but in the higher grade. Thus, they claim that the retroactive application of the December Order denies them the benefit of the time worked in the pre-allocation title. On April 6, 2005, NYS Court Officers received their first paychecks reflecting the grade increase to JG-18. The instant proceeding was commenced within four months after receipt of the April 6, 2005, paychecks.

The Supreme Court agreed with the petitioners that, in issuing the January Order, the appellant acted arbitrarily and capriciously in treating the move from Court Officer to NYS Court Officer as a reclassification pursuant to Judiciary Law § 37 (5) rather than a reallocation pursuant to Judiciary Law § 37 (3) (c), and rejected the appellant's statute of limitations defense. It further found that no rational basis existed for the appellant's decision to make the December 22, 2004, grade increase effective retroactively.

That branch of the second amended petition which was to compel the appellant to provide a continuous service credit pursuant to Judiciary Law § 37 (3) (c) should have been dismissed as time-barred. CPLR 217 (1) states in relevant part that "[u]nless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner." " 'A determination is final and binding when no subsequent events need take place for the petitioner to be affected by the decision' " (*Sutherland v Village of Suffern*, 139 AD2d 728, 729 [1988], quoting *Matter of Edmead v McGuire*, 114 AD2d 758, 759 [1985], *affd* 67 NY2d 714 [1986]; *see Matter of Maurer v State Emergency Mgt. Off.*, 13 AD3d 751, 753 [2004]). Here, the petitioners were affected by the January Order shortly after it was issued. Specifically, they received their first paychecks reflecting the JG-17 pay rate—but not the continuous service credit—on April 7, 2004 (*cf. Matter of Lacosse v McCauley*, 229 AD2d 890, 891 [1996]; *Matter of Maurer v State Emergency Mgt. Off.*, 196 Misc 2d 750, 752 [2003], *affd* 13 AD3d 751 [2004]).

Nevertheless, the petitioners did not file their petition until July 2005, more than one year later.

Contrary to the petitioners' contention, the December Order did not "constitute the sort of 'fresh, complete and unlimited examination into the merits' as would suffice to revive the Statute of Limitations" (*Raykowski v New York City Dept. of Transp.*, 259 AD2d 367, 367 [1999] [citation omitted], quoting *Matter of Camperlengo v State Liq. Auth.*, 16 AD2d 342, 344 [1962]). Moreover, the appellant is not judicially estopped from raising a statute of limitations defense.

With respect to the December Order, the parties dispute whether the appellant even has the authority to make retroactive salary adjustments. We need not address this issue, because regardless of whether the appellant has such authority, the petitioners came forward with evidence that they were financially harmed by the retroactive salary adjustment, and established that no rational basis for retroactivity appears in the record (*see generally Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Counsel 82, AFL-CIO v New York State Civ. Serv. Commn.*, 213 AD2d 826, 826-827 [1995]). Indeed, no explanation, rational or otherwise, for the retroactive application of the December Order was offered in the appellant's answer or submissions in opposition to the petition. Accordingly, the petitioners established their entitlement to the relief sought as to the December Order (*see Matter of C.S.E.A. v County of Dutchess*, 6 AD3d 701, 702 [2004]; *Matter of Carpenter v McCoy*, 40 AD2d 911 [1972]; *cf. Matter of Goodfellow v Bahou*, 92 AD2d 1085, 1086 [1983]). Rivera, J.P., Dickerson, Hall and Miller, JJ., concur.