THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN WILKERSON, Appellant.— In three *coram nobis* proceedings to vacate a judgment of the Supreme Court, Kings County, rendered August 14, 1963, convicting defendant of attempted rape in the first degree, assault in the second degree and violation of section 483 of the Penal Law, upon a jury verdict, and imposing sentence upon him as a third felony offender, defendant appeals from the three separate orders of said court, dated November 6, 1967, January 2, 1968 and May 16, 1968, respectively, each of which denied a respective one of said proceedings, without a hearing. Orders affirmed. No opinion. Beldock, P. J., Christ, Brennan and Rabin, JJ., concur; Hopkins, J., concurs in affirmance of the order dated January 2, 1968, but dissents from the affirmance of the other two orders and votes to reverse them and to grant a hearing in the proceedings determined by said two orders, with the following memorandum: The judgment of conviction rendered on August 14, 1963 was affirmed by us (*People* v. *Wilkerson*, 23 A D 2d·536) and leave to appeal to the Court of Appeals was denied on March 2, 1965. In the two *coram nobis* applications in which I am dissenting, defendant contends that he was improperly treated as a multiple offender in that (1) a conviction against him in Georgia rendered in 1947 was unconstitutional because he had not been represented by counsel; and (2) a conviction against him in this State, rendered in 1945, was unconstitutional because he had not been represented by counsel. Both of these applications were denied without a hearing. In each case the question is whether the records conclusively establish that defendant was represented by counsel in the predicate proceedings (*People* v. *Randolph*, 25 N Y 2d 765; *People* v. *Jackson*, 25 A D 2d 783). In my opinion the records are not conclusive on the issue and, consequently, a hearing is required.

CHLARY SKORGE, JR., Respondent, v. COUNTY OF NASSAU, Appellant.— In an action to recover damages for unlawful arrest, unlawful detention, false imprisonment and malicious prosecution arising out of the arrest and indictment of plaintiff for arson and murder, defendant appeals from an order of the Supreme Court, Nassau County, entered July 29, 1968, which denied its motion to dismiss the complaint for failure to state a cause of action. Order reversed, on the law, without costs, and summary judgment granted in favor of defendant, dismissing the complaint. While defendant's motion to dismiss the complaint was based on the alleged failure of the complaint to set forth a cause of action, in its supporting papers defendant urged that there were no triable issues and it sought judgment on that ground. The papers submitted by plaintiff in opposition failed to show triable issues of fact. Accordingly, pursuant to our power under CPLR 3211 (subd. [c]), the motion has been treated as one for summary judgment. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.