■ HAROLD HELLER, Respondent, v AL INGBER, Individually and Doing Business as ACE CASINO SUPPLIES, Appellant.— Mikoll, J. Appeal from a judgment of the Supreme Court (Klein, J.), entered May 2, 1986 in Sullivan County, upon a verdict rendered in favor of plaintiff.

Plaintiff and defendant discussed starting a business which would rent gambling equipment to charitable organizations staging casino-like events, referred to as Las Vegas nights. Such a business was formed under the name Ace Casino Supplies. Plaintiff performed services for the business and believed that he had a 10% ownership interest in the business. Defendant never paid plaintiff for any services rendered or any business interest.

On one occasion, plaintiff delivered a dice table to the Jewish Community Center (hereinafter the Center) in the Village of Monticello, Sullivan County. The table was subsequently sold by Ace Casino Supplies to the Center without plaintiff's knowledge. Plaintiff later removed the dice table from the Center. The Center then reported to the police that the table had been taken by a middle-aged man with a pickup truck. The police contacted defendant, who confirmed the sale. Plaintiff called defendant a few days thereafter and informed defendant that he had taken possession of the table and

planned to sell it, retaining the proceeds to cover money allegedly owed him by Ace Casino Supplies.

Defendant thereupon called the Village of Monticello Police and reported that plaintiff had admitted taking the table. Responding to a police request, plaintiff reported to the police station for questioning. He said that he had been unaware of the table's sale to the Center, and that he had a 10% interest in the table as property of Ace Casino Supplies. Plaintiff consented to its return. Defendant, in a sworn statement, asserted that plaintiff was not an employee of the business and had no right to take the table.

Plaintiff was arrested and prosecuted for grand larceny in the second degree based in part on defendant's sworn statement. The preliminary hearing was not held for one year, at which time defendant admitted that he had discussed a business relationship with plaintiff and that plaintiff had performed services for the business. The charge was dismissed for want of probable cause.

Subsequently, plaintiff sued defendant for false arrest, malicious prosecution and breach of contract. The case went to trial and resulted in a verdict for plaintiff. The verdict was later vacated as the result of a posttrial motion. Upon retrial, Supreme Court dismissed the claim for false arrest at the close of the proof, but refused to dismiss the malicious prosecution claim. The claim for breach of contract was amended into a claim for work, services and labor. The jury's verdict awarded plaintiff $52,000 as compensatory damages and $50,000 as punitive damages. This appeal by defendant ensued.

Supreme Court properly refused to dismiss the malicious prosecution claim since there were conflicting versions of the facts, and the evidence submitted by plaintiff could support a finding of no probable cause to commence the criminal proceeding. The fact that Supreme Court found probable cause to justify the arrest by the police and dismissed plaintiff's false arrest claim did not require that it also dismiss the malicious prosecution claim.

The finding of probable cause to arrest did not entail a finding of probable cause to support the bringing of the charge. The police and defendant are separate entities and the conclusion reached for one may not necessarily be the same as the conclusion reached for the other. With respect to the claim for malicious prosecution, the critical issue is what defendant knew and reasonably believed when he made the

sworn statement, not what the police reasonably believed in reliance on that statement. This issue was in dispute and was left to the jury to resolve. Plaintiff "submitted proof, which if credited by a jury, as it was, would establish the lack of probable cause to commence the criminal proceeding" *(Martin v City of Albany,* 42 NY2d 13, 16-17).

We reject defendant's contentions that the jury's verdict was against the weight of the evidence and internally inconsistent. There is no showing that the verdict is against the weight of the evidence. Defendant in his brief merely characterizes the proof in a conclusory fashion in his favor. The jury could properly draw different conclusions. Plaintiff's version of the events leading up to his assertion of an ownership interest was partially corroborated by the recorded conversation presented in evidence. Also, defendant's credibility was rendered suspect by the varied versions of the same events which he gave at plaintiff's arrest, at the preliminary hearing and at trial. Plaintiff's version, if believed (which it was), warrants the inference that defendant acted with malice in giving misleading information to the police. Moreover, malice can be inferred from the lack of probable cause *(Martin v City of Albany, supra).*

The verdict was not internally inconsistent. Examination of the trial transcript discloses that the foreperson of the jury announced that the verdict was for plaintiff on all three claims and stated the amounts of damages. The mistake in reporting was a mere irregularity of no substance. Moreover, defense counsel consented to release of the jury before making his objection known. His objection was therefore untimely.

Defendant's contention that the award of compensatory damages is excessive is without merit. However, it appears that the punitive damage award of $50,000 does not bear a reasonable relationship to the culpability of defendant's conduct, and this court should in the exercise of its discretion order a new trial unless plaintiff consents that the punitive damage award be reduced to the more appropriate sum of $10,000 *(see, Nardelli v Stamberg,* 44 NY2d 500; *see also, Loeb v Teitelbaum,* 77 AD2d 92).

Judgment modified, on the facts, without costs, and a new trial ordered on the issue of punitive damages only unless, within 20 days after service of a copy of the order to be entered upon this decision, plaintiff shall stipulate to reduce the amount of the award in his favor for punitive damages to $10,000, in which event the judgment, as so reduced, is af-

firmed. Main, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.