OPINION OF THE COURT
Wilmer J. Patlow, J.
Defendant DePaul Mental Health Services, Inc. (hereinafter DePaul) moves for summary judgment pursuant to CPLR 3212 dismissing plaintiff Lois Kern’s remaining cause of action against it. By prior order dated June 26, 1986 and decision dated June 3, 1986 plaintiffs causes of action for abusive discharge and/or wrongful termination of employment and for libel and slander were dismissed pursuant to CPLR 3211 by the Honorable John Finnerty, Acting Supreme Court Justice. *971 The remaining cause of action, to which the present motion is addressed, alleges a retaliatory discharge in violation of section 740 of the Labor Law.
Defendant’s motion for summary judgment is hereby granted for the reasons which follow.
Section 740 of the Labor Law provides in relevant part:
"2. Prohibitions. An employer shall not take any retaliatory personnel action against an employee because such employee does any of the following:
"(a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety;
"(b) provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any such violation of a law, rule or regulation by such employer; or
"(c) objects to, or refuses to participate in any such activity, policy or practice in violation of a law, rule or regulation.”
Plaintiff was employed by defendant as a part-time program aide at DePaul’s adult community residence for mentally handicapped individuals located in Churchville, New York. Plaintiff alleges in her complaint that she discovered a male resident engaging in sexual intercourse with a female resident "under circumstances where it appeared that the female patient did not give her consent and may have been coerced into giving in to the said sexual advances and said sexual intercourse.” Plaintiff further alleges that she made a notation to that effect in the female resident’s permanent file and also reported the incident to the Monroe County District Attorney’s office. Plaintiff maintains that subsequently as a result of her disclosures she was terminated from employment.
For purposes of the prior motion to dismiss pursuant to CPLR 3211, the court expressly stated in its decision that the complaint must be deemed to allege whatever can be implied from the facts stated and that the plaintiff’s allegations must be assumed to be true.
For purposes of this motion, however, it is incumbent upon the court to search the record for triable issues of fact which would preclude the granting of summary judgment (CPLR 3212).
*972 Whereas a fair implication from plaintiff’s complaint is that she had some factual basis for her conclusion that the alleged sexual intercourse at the Churchville home was nonconsensual in nature, plaintiff admitted at her examination before trial that in reality she did not know one way or the other whether the activity she observed was nonconsensual in nature and that she had merely assumed such was true from the circumstance of the female resident’s disability.
All of the credible evidence presented on this motion, however, suggests that the sexual contacts in question were in fact consensual in nature despite the female resident’s limitations.
Such evidence consists, in part, of the affidavit of plaintiff’s supervisor who was the residence manager of the Churchville home at the time in question. She stated, in sum and substance, that the staff was aware of and was monitoring the relationship between the residents involved even before plaintiff’s public accusations. Further evidence consists of the affidavit of the Director of Adult Community Residences who was kept apprised of developments in the Churchville home and who explained that the purpose of the residential setting and therapeutic program was to provide the guidance necessary to enable handicapped residents to gain functional independence and stability in all areas of their lives, including social and sexual aspects.
Additionally, the court has been supplied with, a copy of an internal investigation conducted by defendant after plaintiff’s allegations of nonconsensual sexual activity were made public by plaintiff. This investigation was forwarded to the New York State Office of Mental Health for review, which office evidently concluded that no further action was necessary as none was taken. Significantly, the court also has before it an affidavit of an Assistant District Attorney of the Monroe County District Attorney’s office to the effect that the incident had been investigated by that office at the time of plaintiff’s allegations and, based upon that investigation, no further action by the District Attorney was deemed warranted.
In addition to there being no factual basis for plaintiff’s conclusions, there is no legal basis for plaintiff’s contention that lack of consent to sexual activity may be presumed to flow from the mere existence of a mental disability.
In People v Easley (42 NY2d 50), which involved a prosecution for rape, the New York Court of Appeals was called upon to determine the standards by which a person with a mental *973 defect may be considered to have the capacity to consent to sexual intercourse. The court stated that: "the law does not adopt the fiction that all persons are mentally or judgmentally equal. As do all others, the mentally aberrant differ from one another in greater or lesser degree. Even mental retardation does not mean that an individual is incapable of consenting as a matter of law. The requisite degree of intelligence necessary to give consent may be found to exist in a person of very limited intellect” (People v Easley, 42 NY2d 50, 54).
In order for plaintiff to succeed in her cause of action pursuant to section 740 of the Labor Law, it is incumbent upon plaintiff to show some "activity, policy or practice of the employer that is in violation of law, rule or regulation” (Labor Law § 740 [2] [a]; emphasis added). A belief on the part of the employee that a violation has occurred is not sufficient to invoke the statute’s protection. This is borne out by the legislative history as well as the Governor’s memorandum of approval which speaks of "the employer’s activities constituting a violation of law, rule or regulation” (1984 NY Legis Ann, at 228-229; emphasis added).
Significantly, prior versions of the statute which made reference to an employee’s suspicion of violation were never passed (see, A7090 [1981], S7799-A9712 [1982], A2276 [1983] and correspondence included in Bill Jacket to Labor Law § 740 [L 1984, ch 660], particularly July 5, 1984 letter of Citizens Union of City of New York to Hon. Gerald C. Crotty of Executive Chamber endorsing S10074; July 6, 1984 mem of Pub Employment Relations Bd to Hon. Gerald C. Crotty voicing no objection to S10074 and July 11, 1984 letter of New York State Common Cause to Hon. Mario M. Cuomo, Governor, commending his approval).
• Inasmuch as plaintiff has shown no factual or legal basis for her allegations of nonconsensual sexual activity on the part of the Churchville residents, there can be no finding of a violation of law, rule or regulation, more particularly section 41.41 of the Mental Hygiene Law and article 130 of the Penal Law, which were cited by plaintiff.
Although plaintiff makes reference throughout her papers to other incidents of nonconsensual sexual behavior between other residents living at the Churchville home, proof of such allegations is even less substantial than that discussed above.
Section 740 of the Labor Law further provides that the violation of law, rule or regulations must be such that it *974 "creates and presents a substantial and specific danger to the public health or safety” (Labor Law § 740 [2] [a]). To the extent that plaintiff would be able to prove her contention that even consensual sexual intercourse violated in-house rules and regulations in effect at the time, such violation, consisting of consensual sexual acts, cannot be said to create a substantial and specific danger to the public health or safety.
Finally, plaintiff has offered to prove her contention that employees of defendant DePaul acted in concert to "cover up” her disclosures of rape in the Churchville home. However, in view of the fact that plaintiff has come forth with no evidence of any rape, the alleged improprieties in defendant’s handling of patient records would not rise to the level of creating a substantial and specific danger to the public health or safety.
To the extent that plaintiff seeks relief pursuant to paragraphs (b) and (c) of subdivision (2) of section 740 of the Labor Law, such relief must, on the facts of this case, also be denied. Paragraph (b) is inapposite where plaintiff herself instigated the investigation with disclosures not protected under paragraph (a) of subdivision (2) of section 740 of the Labor Law. Paragraph (c) is inapplicable where plaintiff fails to show any actual violation of law, rule or regulation creating a public danger.
In summary of the above, inasmuch as plaintiff has failed to offer proof, as opposed to allegations, of "an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety” (Labor Law § 740 [2] [a]), she has not come forth with an essential element of her cause of action pursuant to section 740 of the Labor Law.
The court has considered defendant’s application for counsel fees pursuant to subdivision (6) of section 740 of the Labor Law and such application is hereby denied.