■ M & L PROVISIONS, INC., Respondent, v DOMINICK'S ITALIAN DELIGHTS, INC., et al., Appellants, et al., Defendant.— In an action to recover damages for breach of contract, fraudulent conveyance, and unjust enrichment, the defendants Dominick's Italian Delights, Inc. and Rosemarie Melillo appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered August 21, 1987, as denied that branch of their motion which was to dismiss the complaint as against them for failure to state a cause of action and denied in part that branch of their motion which was for a protective order striking the plaintiff's demand for discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

The complaint alleges three causes of action: breach of contract, transfer of the corporate defendant's assets without notice to the plaintiff creditor in order to defraud the plaintiff of money due and owing to it, and unjust enrichment. Where, as here, the motion to dismiss has not been converted to one for summary judgment, affidavits

"are not to be examined for the purpose of determining whether there is evidentiary support for the pleading * * *

"[They] may be received for a limited purpose only, serving normally to remedy defects in the complaint" (Rovello v Orofino Realty Co., 40 NY2d 633, 635-636).
Unless the affidavits establish conclusively that no cause of action will lie, dismissal is not warranted (Fields v Leeponis, 95 AD2d 822). Applying this standard of review, we find the plaintiff's complaint legally sufficient on its face.

The documents sought by the plaintiff's demand for discovery, as limited by the Supreme Court's determination, relate to the facts surrounding the sale of the business and are material and necessary to the preparation of the plaintiff's case. Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.