■ Rodney J. Mondello, Appellant, v Joanne A. Mondello et al., Respondents.—In an action to recover damages for malicious prosecution, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 10, 1988, as, inter alia, granted that branch of the defendants' cross motion which was to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Upon our review of the complaint and the affidavits submitted in support of the motion and cross motion *(see, M & L Provisions v Dominick's Italian Delights,* 141 AD2d 616), we find that the plaintiff did not make out a cause of action for malicious prosecution. The elements of this cause of action require the plaintiff to establish that a proceeding was initiated by the defendants, with malice and without probable cause, and that it was terminated in the plaintiff's favor *(see, Colon v City of New York,* 60 NY2d 78, 82; *Martin v City of Albany,* 42 NY2d 13, 16). In the case at bar, however, the plaintiff's unsubstantiated and conclusory allegations of malice were insufficient to sustain his cause of action *(Hornstein v Wolf,* 109 AD2d 129, *affd* 67 NY2d 721).

Moreover, the record reveals that the underlying criminal action was initiated by the defendant Mrs. Mondello with probable cause inasmuch as she had been harassed by her estranged husband who damaged an automobile owned by the codefendant while it was in her possession. The resulting charge of criminal mischief in the fourth degree was thus not unwarranted, unlike the case in *Levine v Gurney* (149 AD2d 473) on which the plaintiff mistakenly relies. Furthermore, the criminal prosecution was terminated only when Mrs. Mondello voluntarily withdrew the charge in light of the parties' impending divorce trial. Accordingly, the prosecution was not terminated in the plaintiff's favor as the voluntary withdrawal of a charge is not a final disposition on the merits indicative of innocence *(see, Hollender v Trump Vil. Coop.,* 58 NY2d 420, 425-426; *Miller v Star,* 123 AD2d 750, 751-752). Thus, the motion to dismiss the complaint was correctly granted.

Finally, in light of the foregoing there is no merit to the plaintiff's argument, advanced for the first time on appeal, that he should be granted leave to serve an amended complaint (CPLR 3211 [e]; *see, Bardere v Zafir,* 63 NY2d 850). Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.