■ GARY STOWE et al., Respondents, v HARRY WINSTON, INC., Appellant, and CITY OF NEW YORK, Respondent. [607 NYS2d 340] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about March 18, 1993, which, insofar as appealed from, denied that part of defendant Harry

Winston, Inc.'s motion for summary judgment dismissing the cause for malicious prosecution, unanimously affirmed, without costs.

Where, as here, an identification supplied probable cause for an arrest pursuant to a warrant, tort liability for malicious prosecution may be grounded upon defendant's knowledge and the absence of a reasonable basis for its belief in accused's guilt when it made the identification, not what the police reasonably believed in reliance upon the identification (see, Heller v Ingber, 134 AD2d 733, 734-735).

The trial court properly determined that the issues of Jerald Ratikoff's knowledge and the reasonableness of his beliefs in Mr. Stowe's guilt are sufficiently contested, and therefore, warrant a trial on the merits (see, Munoz v City of New York, 18 NY2d 6, 11-12).

Similarly, whether defendant commenced the prior criminal proceeding to further punish the plaintiff for a separate crime committed against it in New York, rather than a desire to see the ends of justice met as to the Boston robbery, is sufficiently contested to warrant trial (see, Nardelli v Stamberg, 44 NY2d 500, 502-503).

Finally, we agree with the trial court that the credibility of Jerald Ratikoff's deposition testimony to the contrary should be determined by a jury. Concur—Carro, J. P., Wallach, Ross, Rubin and Williams, JJ.