[622 NYS2d 1001]

FRANK L. BORDELL, Appellant, v GENERAL ELECTRIC COMPANY et al., Respondents.

Third Department, March 2, 1995

APPEARANCES OF COUNSEL

*Gleason, Dunn, Walsh & O'Shea,* Albany *(Ronald G. Dunn of counsel),* for appellant.

*Robinson, Silverman, Pearce, Aronsohn & Berman,* New York City *(Vincent Alfieri of counsel),* for respondents.

## OPINION OF THE COURT

MERCURE, J.

On this appeal, plaintiff urges us to construe New York's so-called "Whistleblowers' Statute" (Labor Law § 740) so as to extend its protection to employees harboring a mere "reasonable belief" that "an activity, policy or practice of the employer * * * is in violation of law, rule or regulation" (Labor Law § 740 [2] [a]).

Plaintiff, formerly employed by defendant General Electric Company (hereinafter GE) as a health physicist at the Knolls Atomic Power Laboratory, alleges that he was discharged from his employment for informing the Department of Energy (hereinafter DOE) of his opinion, based on his preliminary calculations, that as many as seven employees *might have been* exposed to radiation at levels sufficient to trigger the mandatory reporting requirements of DOE Order 5484.1 *if* further factual investigation (which GE prevented him from conducting) corroborated the scientific assumptions underlying the calculations. Supreme Court granted partial summary judgment in favor of defendants dismissing the causes of action predicated upon Labor Law § 740 upon the ground that the statute requires proof of an actual violation of a law, rule or regulation and, as such, an employee's good-faith reasonable belief that a violation may have occurred is insufficient. Plaintiff appeals.

We are persuaded that the statute's laudable purpose of encouraging employees to report violations of health and safety laws and regulations would be furthered by our adoption of a "reasonable belief" standard such as that proposed by plaintiff. The harsh reality is, however, that courts are not permitted to interpret laws as they would have them written. Rather, "[i]n interpreting statutes, which are the enactments of a coequal branch of government and an expression of the public policy of this State, we are * * * bound to implement the will of the Legislature; statutes are to be applied as they are written or interpreted to effectuate the legislative intention" (Niesig v Team I, 76 NY2d 363, 369; see, Matter of Jewish Home & Infirmary v Commissioner of N. Y. State Dept. of Health, 84 NY2d 252, 264; Patrolmen's Benevolent Assn. v City of New York, 41 NY2d 205). For the reasons set forth below, we are constrained to the view that the Legislature did not intend to impose (and, in fact, intentionally rejected) a "reasonable belief" standard when it enacted Labor Law § 740. We accordingly affirm Supreme Court's order.

Labor Law § 740 provides in relevant part: "An employer shall not take any retaliatory personnel action against an employee because such employee * * * discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety" (Labor Law § 740 [2] [a] [emphasis supplied]). Applying first the axiom that "a statute is to be construed according to the ordinary meaning of its words" (Sega v State of New York, 60 NY2d 183, 190-191), we find nothing in the language of Labor Law § 740 to suggest that anything less than an actual "violation of law, rule or regulation" is required, a conclusion substantially buttressed by the fact that, prior to the enactment of Labor Law § 740 (L 1984, ch 660), three successive efforts to enact a whistleblowers' statute embodying a reasonable belief standard had failed (see, Leibowitz v Bank Leumi Trust Co., 152 AD2d 169, 175-177; Remba v Federation Empl. & Guidance Serv., 149 AD2d 131, 135, affd 76 NY2d 801; Kern v DePaul Mental Health Servs., 139 Misc 2d 970, 973, affd 152 AD2d 957, lv denied 74 NY2d 615). Equally significant is the fact that the public sector Whistleblowers' Statute, Civil Service Law § 75-b, which previously contained language essentially identical to Labor Law § 740, was amended in 1986 (L 1986, ch 899) to contain precisely the language that plaintiff

would now read into Labor Law § 740. Fundamentally, the Legislature's failure to similarly amend Labor Law § 740 evidences an intent that it contain no corresponding provision *(see,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 74, 191), and the legislative history to the amendment to Civil Service Law § 75-b specifically indicates that the protection afforded by Labor Law § 740 was deliberately meant to be narrower than that of Civil Service Law § 75-b *(see,* Governor's Approval Mem, 1986 NY Legis Ann, at 365; *see generally,* Bill Jacket, L 1986, ch 899).

Nor are we persuaded by plaintiff's reliance upon our decision in *Matter of New York State Off. of Mental Retardation & Dev. Disabilities [Staten Is. Dev. Ctr.] v New York State Div. of Human Rights* (164 AD2d 208, 210), where we applied a "reasonable belief" standard in construing Executive Law § 296 (1) (e). The language of that statute, which prohibits discriminatory treatment of a person because he or she "opposed any practices forbidden under [the Human Rights Law]", is far less explicit than Labor Law § 740 and, in accordance with Executive Law § 300, is to be liberally construed *(see, Matter of New York State Off. of Mental Retardation & Dev. Disabilities [Staten Is. Dev. Ctr.] v New York State Div. of Human Rights, supra).*

As a final matter, we are not persuaded by plaintiff's circular argument that defendants' violation of DOE order 5483.1A, which itself prohibits a contractor from taking adverse action against an employee for filing a good-faith complaint with DOE, is an additional predicate for his causes of action under Labor Law § 740. It is neither logically nor legally possible for plaintiff's report of his illegal suspension or discharge to have precipitated his suspension or discharge. In view of our determination, we need not consider the parties' remaining contentions.

CARDONA, P. J., MIKOLL, CASEY and PETERS, JJ., concur.

Ordered that the order is affirmed, with costs.