OPINION OF THE COURT
 

 Memorandum.
 

 The judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
 

 Plaintiff was employed by General Electric Company as a health physicist at the Knolls Atomic Power Company when he reported to his superiors that, in his opinion, as many as seven employees might have been exposed to radiation levels sufficient to trigger Department of Energy (DOE) mandatory reporting requirements. Dissatisfied with the response of his supervisors, plaintiff reported his findings directly to DOE. Three weeks after contacting DOE, plaintiff was suspended from his job; he was fired eight days later. Thereafter, plaintiff commenced this action claiming that he was discharged in retaliation for his report to DOE. He seeks a declaration that General Electric’s acts constituted a violation of Labor Law § 740, the "whistleblowers’ statute.”
 

 Labor Law § 740 (2) (a) provides: "An employer shall not take any retaliatory personnel action against an employee because such employee * * * discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer
 
 that is in violation of law, rule or regulation
 
 which violation creates and represents a substantial and specific danger to the public health or safety” (emphasis supplied). Plaintiff seeks protection of the statute although he concedes that GE was not actually in violation of law, rule or
 
 *871
 
 regulation. He urges that section 740 protects employees who make statements upon a reasonable belief that a law, rule or regulation affecting public health and safety has been violated.
 

 Supreme Court rejected plaintiff’s argument and dismissed the causes of action based upon Labor Law § 740, and the Appellate Division affirmed (208 AD2d 219). Because we agree with the courts below that a cause of action predicated on Labor Law § 740 requires proof of an actual violation, we also affirm.
 

 ■ As explained by Justice Mercure in the Appellate Division decision (208 AD2d, at 221-222), the language and legislative history of Labor Law § 740 militate in favor of a construction of that section requiring proof of an actual violation of law to sustain a cause of action, and the legislative history of the parallel public sector whistleblowers’ statute (Civil Service Law § 75-b) also supports that conclusion. Civil Service Law § 75-b was amended in 1986 to "widen[ ] the protection for a public employee” (Governor’s Mem Approving L 1986, ch 899, 1986 McKinney’s Session Laws of NY, at 3215) by providing protection for disclosure of information "which the employee
 
 reasonably believes
 
 to be true and
 
 reasonably believes
 
 constitutes an improper governmental action” (L 1986, ch 899, § 1 [emphasis supplied]). There was no similar amendment to Labor Law § 740. Here, there were allegations that plaintiff had a reasonable belief of a possible violation, but no proof of an actual violation. Thus, plaintiff’s Labor Law § 740 claims are untenable and were properly dismissed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur; Judge Simons taking no part.
 

 Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.