■ Lou Ann Green, Appellant, v Saratoga A. R. C., Respondent. [650 NYS2d 441] —Carpinello, J. Appeal from an order of the Supreme Court (Williams, J.), entered June 30, 1995 in Saratoga County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was formerly employed as a residence counselor at defendant's Washington Street Intermediate Care Facility (hereinafter the facility) in the City of Saratoga Springs, Saratoga County. In her capacity as residence counselor, plaintiff was responsible for taking care of the needs of the developmentally disabled clients who lived in the facility. In late 1988 and early 1989, she reported to her immediate supervisor that she had observed two other employees using illegal drugs during the late-night shift. Plaintiff's supervisor instructed plaintiff to call her at home if she observed any other suspicious behavior and came into the facility one evening after receiving a telephone call from plaintiff about potential trouble there. However, unsatisfied with the supervisor's response, plaintiff arranged a meeting with a higher-level supervisor, who did undertake an investigation of the allegations. Plaintiff also contacted the Saratoga County Sheriff's Department, who referred the matter to the Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD), the State agency with regulatory oversight over defendant. OMRDD undertook its own investigation of plaintiff's allegations. Defendant, OMRDD and the Sheriff's Department all found plaintiff's allegations to be unsubstantiated.

In the instant action, plaintiff claims that as the result of her reports to public authorities of suspected drug use at the

facility, she was subjected to a campaign of harassment, intimidation and retaliation in violation of Labor Law § 740 (2). Specifically, she alleges that defendant placed written reprimands in her file, tried to force her to resign, placed her on two-week suspension and ultimately sought to transfer her to another facility. Her complaint also contained causes of action for defamation and intentional infliction of emotional distress. Defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion in its entirety. With regard to defendant's alleged violation of Labor Law § 740 (2), Supreme Court stated that it was constrained by this Court's holding in *Bordell v General Elec. Co.* (208 AD2d 219), in which we held that Labor Law § 740 requires proof of an actual violation of a law, rule or regulation and that an employee's good-faith reasonable belief that a violation may have occurred is not enough. Plaintiff has appealed, but limits her appeal to those claims that allege a violation of Labor Law § 740.

Plaintiff argues that we should reconsider our decision in *Bordell v General Elec. Co. (supra)* and hold that Labor Law § 740 requires only that an employee have a "reasonable belief" that a law, rule or regulation has been violated in order to qualify for the statute's protections. Since plaintiff's main brief was filed, however, the Court of Appeals affirmed our decision in that case (*Bordell v General Elec. Co.*, 88 NY2d 869) and held that a plaintiff must demonstrate an actual violation of law to sustain a cause of action under the statute. Plaintiff's argument that a different standard should be applied is, therefore, without merit.

In the alternative, plaintiff contends that defendant retaliated against her for reporting to the Sheriff's Department that defendant had failed to comply with its own personnel policy. However, Labor Law § 740 "is triggered only by a violation of a law, rule or regulation that creates and presents a substantial and specific danger to the public health and safety" (*Remba v Federation Empl. & Guidance Serv.*, 76 NY2d 801, 802; *see, Easterson v Long Is. Jewish Med. Ctr.*, 156 AD2d 636, 637, *lv denied* 76 NY2d 704; *Leibowitz v Bank Leumi Trust Co.*, 152 AD2d 169, 177). Even assuming for the sake of argument that defendant violated its own personnel policy or the OMRDD regulation (14 NYCRR 633.7) requiring the implementation of that policy, plaintiff has failed to demonstrate that the alleged violation threatened the health or safety of the public-at-large (*see, Easterson v Long Is. Jewish Med. Ctr., supra*, at 637). While the alleged misconduct may have posed a danger to certain in-

dividual residents of the facility, plaintiff has completely failed to show that it posed a danger to the public (*see*, *Kern v DePaul Mental Health Servs.*, 152 AD2d 957, 958, *lv denied* 74 NY2d 615).

We have considered plaintiff's remaining arguments and find them to be without merit.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.