■ JOHN MONTCHAL, Appellant, v NORTHEAST SAVINGS BANK, Respondent. [663 NYS2d 64] —In an action, *inter alia*, to recover damages for wrongful discharge and fraud, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 30, 1996, as (1) granted that branch of the defendant's motion which was for summary judgment dismissing the third cause of action, and (2) denied his cross motion to compel compliance with certain discovery demands.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant hired the plaintiff to manage one of its branch offices, but terminated his employment after only a few months. The plaintiff subsequently commenced this action, alleging in his third cause of action that he was fraudulently induced to leave his former employer and to accept the position with the defendant even though the defendant had no intention of retaining him as an employee. The Supreme Court properly granted the defendant summary judgment dismissing this cause of action.

The plaintiff concedes that the job offer which he accepted did not provide for any definite term of employment, nor did any representative of the defendant promise that the employment would have a specific duration. Accordingly, the record unequivocally demonstrates that the plaintiff was an at-will employee (*see, Sabetay v Sterling Drug,* 69 NY2d 329; *Murphy v American Home Prods. Corp.,* 58 NY2d 293) and, as such, his claim that he was fraudulently induced to accept the position based on his belief that he would enjoy continued employment is legally unsupportable. We note in this regard that the purported vague and speculative assurances allegedly made by a representative of the defendant are patently insufficient to sustain the cause of action sounding in fraudulent inducement, especially in view of the plaintiff's written disclaimer of reliance upon any oral representations or promises regarding the conditions of his employment.

We have considered the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Copertino, Sullivan and McGinity, JJ., concur.