■ VAIL-BALLOU PRESS, INC., Doing Business as MAPLE-VAIL BOOK MANUFACTURING GROUP, Appellant, v LYLE H. TOMASKY, Respondent. [698 NYS2d 98] —Carpinello, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered February 17, 1999 in Broome County, which, *inter alia*, partially denied plaintiff's motion to dismiss defendant's counterclaims.

Defendant had been employed by plaintiff for nearly five years when he was discharged on April 2, 1998 for using foul and abusive language, assaulting and threatening a co-worker and insubordination. Following his discharge, he picketed outside plaintiff's Broome County facility and allegedly

threatened former co-workers. He also sent electronic mail to plaintiff's customers, potential customers, employees and competitors, as well as the media, detailing his version of the events surrounding his termination, plaintiff's purported derisive treatment of him and other employees, and plaintiff's participation in alleged illegal and corrupt conduct. He also set up an internet website accusing plaintiff of falsifying documents and issuing false statements to various Federal, State and local agencies and terminating him in retaliation for exposing this "[c]orruption".

After securing an order of protection against defendant directing him to stay away from its facility and to refrain from making any telephone calls to its employees, plaintiff commenced this action seeking a permanent injunction against defendant based on his alleged acts of defamation, malicious injury, and wrongful interference with business relations and contracts. Defendant countered with claims for wrongful termination, retaliatory discharge in violation of Labor Law § 740 and malicious prosecution. The latter claim stems from defendant's arrest for trespassing on plaintiff's property on May 5, 1998. Plaintiff moved to dismiss the counterclaims pursuant to CPLR 3211 and alternatively sought summary judgment pursuant to CPLR 3212. Although an attorney prepared defendant's answer with counterclaims, he proceeded *pro se* thereafter and presented no papers in opposition to the motion. Supreme Court, however, entertained defendant's opposition orally. Addressing only that portion of plaintiff's motion seeking CPLR 3211 relief, Supreme Court dismissed only the wrongful termination claim, prompting this appeal by plaintiff.

In our view, each of the counterclaims should have been dismissed. Labor Law § 740 "is triggered only by a violation of a law, rule or regulation that creates and presents a substantial and specific danger to the public health and safety" (*Remba v Federation Empl. & Guidance Serv.*, 76 NY2d 801, 802; *see, Bordell v General Elec. Co.*, 208 AD2d 219, *affd* 88 NY2d 869). Here, defendant claims he was fired because he filed a complaint with the National Labor Relations Board accusing his union of failing to negotiate over a workers' compensation pilot program and that such failure constituted a violation of an unspecified law, rule or regulation. Even if one were to assume that the *union's* failure to negotiate a matter which should have been the subject of collective bargaining constituted a regulatory or statutory violation on *plaintiff's* part, the alleged wrongdoing, while perhaps presenting a danger to the health of plaintiff's employees, did not pose "a substantial and specific

danger to the *public* health or safety" (Labor Law § 740 [2] [a] [emphasis supplied]; *see, Green v Saratoga A. R. C.*, 233 AD2d 821, 822; *Kern v DePaul Mental Health Servs.*, 152 AD2d 957, 958, *lv denied* 74 NY2d 615).* This being the case, this claim should have been dismissed for failure to state a cause of action.

The elements of defendant's malicious prosecution counterclaim include a proceeding initiated by plaintiff, with malice and without probable cause, that was terminated in his favor (*see, e.g., Colon v City of New York*, 60 NY2d 78, 82). Although the facts pleaded by defendant are presumed to be true and accorded every favorable inference in addressing the sufficiency of the claim, "allegations consisting of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence, are not entitled to such consideration" (*Kliebert v McKoan*, 228 AD2d 232, *lv denied* 89 NY2d 802). We find defendant's allegations concerning malice and the lack of probable cause to be unsubstantiated and conclusory such that the claim should have been dismissed pursuant to CPLR 3211 (*see, id.*; *Mondello v Mondello*, 161 AD2d 690, 691; *see generally, Ferrara v Guardino*, 164 AD2d 932). Moreover, in orally opposing plaintiff's motion, defendant represented to Supreme Court that he agreed to drop his labor relations charges against plaintiff in exchange for its agreement to drop the trespass charge against him. Crediting defendant's own version of events, this would not constitute a termination favorable to him (*see, Selinger v Selinger*, 210 AD2d 309, 310; *Mondello v Mondello, supra*; *Lowande v Eisenberg Farms*, 260 App Div 48, *affd* 286 NY 634).

Notwithstanding the foregoing, even if a liberal construction of the pleadings results in a determination that defendant has alleged facts sufficient to sustain his malicious prosecution claim under CPLR 3211 (*see, e.g., Leon v Martinez*, 84 NY2d 83, 87-88), plaintiff's alternative request for summary judgment should have been granted with respect to this cause of action (*see, Skorge v County of Nassau*, 33 AD2d 782). Plaintiff's unrefuted evidence regarding this issue established the following. On May 5, 1998, Brian Cole, an employee of plaintiff, was

---

* Notably, defendant does not even attempt to plead a substantial and specific danger to the public health or safety in his counterclaim; rather, he merely asserts that the alleged violation "created a substantial and specific danger to the public health or safety in that the employees of [plaintiff] would have no voice in who their treating physician would be and could be at risk in having no health coverage for the particular malady or illness or sickness which they suffered from, and thus be in physical danger, as well as facing the risk of becoming a public charge".

driving his vehicle on an access road to plaintiff's facility when he observed defendant, who had been instructed by the State Police not to enter plaintiff's property, exiting from the parking lot. As the vehicles passed each other on the access road, defendant leaned out of his vehicle, shook his fist at Cole and made a threatening statement. According to Cole, he believed this encounter took place on plaintiff's property and only later learned that the access road was not part of plaintiff's extensive plant facility.

Based upon Cole's report that defendant was on its property on the day in question, and in light of defendant's threatening and harassing behavior in the weeks following his termination, plaintiff's personnel manager contacted the State Police who, in turn, issued defendant an appearance ticket for trespass. According to the manager, as soon as he learned that defendant's encounter with Cole may not have taken place on plaintiff's property as originally reported, he promptly so notified the District Attorney. We find this evidence sufficient to make a prima facie showing that plaintiff's personnel manager had a reasonable basis for his belief that defendant was trespassing on plaintiff's property when he contacted the State Police (*see, Stowe v Winston,* 201 AD2d 391, 392; *Heller v Ingber,* 134 AD2d 733, 734).

As noted, defendant submitted no papers in opposition to plaintiff's motion. During his oral opposition to the motion, he argued that the trespass charge was dismissed by agreement between the parties, thus eliminating another necessary element of his malicious prosecution claim (*see, Selinger v Selinger, supra; Mondello v Mondello, supra; Lowande v Eisenberg Farms, supra*). In view of defendant's failure to raise any triable issues of fact as to whether the charge lacked a reasonable foundation (*see, Ward v Silverberg,* 85 NY2d 993, 994; *Reinhart v Jakubowski,* 239 AD2d 765; *Cobb v Willis,* 208 AD2d 1155; *Stowe v Winston, supra*), and his own admission that the trespass charge was dismissed pursuant to an agreement between the parties, Supreme Court should have granted plaintiff's alternative request for summary judgment dismissing the malicious prosecution cause of action.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to dismiss defendant's counterclaims; motion granted and all of defendant's counterclaims are dismissed; and, as so modified, affirmed.

■ J. Tracy Busone, Individually and as Parent and Guardian of Tiffany Busone, an Infant, Respondent, v Bellevue