■ WALT BONAR et al., Appellants, v CITY OF NEW YORK, Defendant, and ALLSTATE SALVAGE et al., Respondents. [711 NYS2d 12] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about April 8, 1999, which granted defendant Allstate Insurance Company's motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff, Walt Bonar, was the owner of a parking lot in which he leased parking spaces. One of these spaces was leased to Roberto Lara for the purpose of storing a 1994 Toyota Corolla. According to Bonar, Lara had not paid rent for some time and could not be located. An inspection of documents inside the Toyota led plaintiff to discover that it had been stolen and that the true owner of the vehicle was insured against theft by Allstate Insurance Company (Allstate).

Thereafter, plaintiff engaged in negotiations with Allstate (which had taken title to the vehicle after its theft) in an effort to recoup the cost of storing the vehicle. Plaintiff alleges that after he and Allstate reached an impasse on terms, he advised Allstate that he would forego his claim and simply put the vehicle on the street because he needed the parking space. Allstate, it is alleged, implored him not to do so since a settlement would be forthcoming. Notwithstanding this, it appears that only a few weeks later Allstate contacted the police, which led to plaintiff's arrest for possession of a stolen vehicle. The prosecutor declined to pursue the matter.

Subsequently, plaintiffs commenced this action seeking damages for malicious prosecution. Allstate moved to dismiss the complaint for failure to state a cause of action, asserting, *inter alia*, that it was proper to obtain police assistance since plaintiff Walt Bonar knowingly possessed stolen property. Contrary to the conclusion reached by Supreme Court, we believe plaintiffs sufficiently stated a cause of action.

Viewing plaintiffs' allegations as true, as we must, it cannot be stated, as a matter of law, that Allstate reasonably believed there was probable cause justifying the initiation of police intervention (*see, Heller v Ingber*, 134 AD2d 733, 734). Significantly, if, as Walt Bonar alleges, he retained the vehicle at Allstate's importuning, it could be reasonably inferred that such possession was not criminal since it was, at that point, with the apparent consent of the vehicle's owner, namely, Allstate. It would follow that Allstate was not justified in seeking police intervention. This is particularly so in that Allstate waited over five months to issue a report to the police while the parties conducted their negotiations.

Finally, we note that the balance of plaintiffs' allegations sufficiently sets forth the other elements of a cause of action for malicious prosecution (*see, Colon v City of New York*, 60 NY2d 78, 82; *Present v Avon Prods.*, 253 AD2d 183, *lv dismissed* 93 NY2d 1032).

We have examined defendant's remaining arguments in support of dismissal and find them to be without merit. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.