■ Cassius Titus et al., Appellants, v Mortgage Enterprise, Ltd., Respondent. [760 NYS2d 66] —In an action, inter alia, to recover damages for breach of an implied contract, the

plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated March 6, 2002, as denied their motion for summary judgment on the causes of action alleging breach of an implied contract and violation of the Equal Credit Opportunity Act, and granted the defendant's cross motion for summary judgment dismissing the causes of action alleging a violation of the Equal Credit Opportunity Act and fraud.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for summary judgment dismissing the cause of action alleging a violation of the Equal Credit Opportunity Act, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in granting that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action alleging a violation of the notice requirement of the Equal Credit Opportunity Act (hereinafter the act) (see 15 USC § 1691 et seq.) based on the plaintiffs' failure to allege that the defendant discriminated against them, and because the defendant ultimately approved the loan in question. The plain language of the act, as well as the regulations issued pursuant to the act, require creditors to inform applicants of any action taken with regard to an application within 30 days after it is complete, regardless of whether that action consists of an approval or a denial (see 15 USC § 1691 [d] [1]; 12 CFR 202.9 [a] [1] [i]). Moreover, courts have repeatedly held that a plaintiff is not required to allege discrimination in order to state a viable claim for a violation of the act's procedural requirements (see Jochum v Pico Credit Corp. of Westbank, 730 F2d 1041 [1984]; Polis v American Liberty Fin., 237 F Supp 2d 681 [2002]; Faulkner v Glickman, 172 F Supp 2d 732 [2001]; Rayburn v Car Credit Ctr. Corp., 2000 WL 1508238, 2000 Dist Lexis 14944 [ND Ill, Oct. 20, 2000]; Thompson v Marine Midland Bank, 198 F 3d 235 [1999]).

The plaintiffs are not entitled to summary judgment on the causes of action alleging a breach of an implied contract and violation of the act, as triable issues of fact exist regarding the date when the plaintiffs' application was complete (see Zuckerman v City of New York, 49 NY2d 557 [1980]; see also 12 CFR 202.2 [f]).

The Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action sounding in fraud. The plaintiffs

signed two documents averring that they would not rely on nonwritten loan approvals or verbal status reports. Accordingly, they cannot now claim to have justifiably relied on verbal assurances allegedly made by the defendant's employee regarding the loan's approval date (*see Montchal v Northeast Sav. Bank,* 243 AD2d 452, 453 [1997]; *Taormina v Hibsher,* 215 AD2d 549, 550 [1995]; *New York State Urban Dev. Corp. v Marcus Garvey Brownstone Houses,* 98 AD2d 767, 769 [1983]). Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.