■ Roscoe Peace, Appellant, v KRNH, Inc., Respondent. [785 NYS2d 547]—

Carpinello, J. Appeal from an order of the Supreme Court (Canfield, J.), entered June 13, 2003 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint.

In August 2000, plaintiff was employed as a licensed respiratory therapist on the night shift in defendant's health care facil-

ity. The facility specializes in rehabilitative therapy, primarily for trauma victims. On August 2, 2000, plaintiff learned that a day shift respiratory therapist had documented respiratory treatments and blood-oxygen level checks on a patient which, according to that patient's wife, had not been performed. In response to this information and with the support of the night nursing supervisor, plaintiff wrote up a report of the incident for his immediate supervisor.

Plaintiff alleges that his supervisor was angered by his conduct because he had involved persons outside of the respiratory department in a matter of respiratory care and that, as a result, the supervisor became the subject of a disciplinary memo citing him for various job deficiencies. Within months of this event, plaintiff was terminated. Plaintiff commenced this action claiming that the termination constituted a retaliatory personnel action prohibited by Labor Law § 740, New York's "whistleblower" statute. Specifically, plaintiff claims that defendant violated that portion of the statute that protects an employee who discloses to a supervisor a "violation of law, rule or regulation which . . . creates and presents a substantial and specific danger to the public health or safety" (Labor Law § 740 [2] [a]). After considerable deposition taking, defendant sought summary judgment. Supreme Court granted the application, prompting this appeal.

We agree with plaintiff that the only issue in this case is whether the alleged conduct posed a substantial danger to the public health or safety. It is clear from the record that even if the allegations regarding the day shift respiratory therapist were true, the patient, who was the subject of the report, suffered no serious adverse consequences from the alleged lack of care. Within days of the incident, the patient was discharged to another rehabilitative facility. At that time, his treating pulmonologist observed that he had "done quite well" and was "awake, comfortable and alert." Thus, even assuming that the alleged conduct constituted a violation of law, rule or regulation, the record is simply lacking any proof of a *"substantial* and specific danger to the public health" (Labor Law § 740 [2] [a] [emphasis added]).

The statute at issue clearly envisions a certain quantum of dangerous activity before its remedies are implicated (*see Green v Saratoga A.R.C.,* 233 AD2d 821, 822-823 [1996]). The conduct which allegedly occurred in this case, even when considered in conjunction with plaintiff's allegations of similar incidents of misconduct by the offending therapist, is simply insufficient to establish the requisite threat to public health and safety (*com-*

pare *Finkelstein v Cornell Univ. Med. Coll.*, 269 AD2d 114, 117 [2000] [doctor impaired by psychiatric disability exhibited bizarre behavior]; *Kraus v New Rochelle Hosp. Med. Ctr.*, 216 AD2d 360, 365 [1995], *lv dismissed* 86 NY2d 885 [1995] [doctor failed to obtain consents for potentially fatal procedures]; *Rodgers v Lenox Hill Hosp.*, 211 AD2d 248, 253-254 [1995] [grossly mishandled emergency ambulance call resulted in death]). Accordingly, we affirm.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.