Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Joseph R. Glownia, J), entered August 2, 2007. The order and judgment, among other things, granted defendant’s motion for summary judgment dismissing the complaint.
It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action alleging that he was terminated from his employment with defendant in retaliation for his having advised defendant’s employees and agents of alleged safety violations at his work site. Supreme Court properly granted defendant’s motion for summary judgment dismissing the complaint. The first cause of action, alleging the violation of Civil Service Law § 75-b, “seeks only to *1246 vindicate [plaintiffs] individual interests,” and it therefore is precluded based on plaintiffs failure to file a notice of claim pursuant to Public Authorities Law § 1299-p (1) (Roens v New York City Tr. Auth., 202 AD2d 274, 274 [1994]; see Matter of Rigle v County of Onondaga, 267 AD2d 1088 [1999], lv denied 94 NY2d 764 [2000]). That cause of action also is not viable because Civil Service Law § 75-b (2) (a) (i) prohibits a public employer from, inter alia, terminating a public employee based on the employee’s disclosure of the “violation of a law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety” (see generally Peace v KRNH, Inc., 12 AD3d 914 [2004], lv denied 4 NY3d 705 [2005]; Gardner v Continuing Dev. Servs., 292 AD2d 838 [2002], lv denied 98 NY2d 612 [2002], cert denied 537 US 1201 [2003]; Vail-Ballou Press v Tomasky, 266 AD2d 662, 663-664 [1999]; Green v Saratoga A.R.C., 233 AD2d 821, 822 [1996]). Here, defendant established as a matter of law that the safety concerns raised by plaintiff did not present such a danger, and plaintiff failed to raise an issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Moreover, defendant established that the supervisors who terminated plaintiff’s employment were unaware of plaintiffs disclosure, and thus there is no causal connection on the record before us between the disclosure of plaintiff’s safety concerns and plaintiffs termination (see Matter of Chamberlin v Jacobson, 260 AD2d 317 [1999]). Plaintiffs “mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient” to raise a triable issue of fact concerning the knowledge of plaintiffs supervisors (Zuckerman, 49 NY2d at 562).
We note that plaintiff on appeal has raised no issues concerning the dismissal of the remaining cause of action and thus is deemed to have abandoned any such issues (see Ciesinski v Town of Aurora, 202 AD2d 984 [1994]). Present — Hurlbutt, J.P., Smith, Green, Pine and Gorski, JJ.