Coyle v College of Westchester, Inc. (2018 NY Slip Op 07699)





Coyle v College of Westchester, Inc.


2018 NY Slip Op 07699


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-07975
2017-11113
 (Index No. 65379/16)

[*1]Beth Coyle, appellant, 
v
College of Westchester, Inc., et al., respondents.


The Clancy Law Firm, P.C. (Niall MacGiollabhui, New York, NY, of counsel), for appellant.
Jackson Lewis, P.C., White Plains, NY (Susan D. Friedfel and Joseph J. DiPalma of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent inducement and for relief for retaliatory personnel action in violation of Labor Law § 740, the plaintiff appeals from two orders of the Supreme Court, Westchester County (Mary H. Smith, J.), dated May 24, 2017, and August 31, 2017, respectively. The order dated May 24, 2017, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging fraudulent inducement and violation of Labor Law § 740. The order dated August 31, 2017, insofar as appealed from, upon reargument, adhered to the original determination granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging fraudulent inducement, and denied that branch of the plaintiff's motion which was for leave to renew her opposition to that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging violation of Labor Law § 740.
ORDERED that the appeal from so much of the order dated May 24, 2017, as granted the branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging fraudulent inducement is dismissed, as that portion of the order was superseded by the order dated August 31, 2017, made upon reargument; and it is further,
ORDERED that the order dated May 24, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated August 31, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In December 2013, the plaintiff, who was then employed by DeVry University, was recruited by the defendant College of Westchester, Inc. (hereinafter the College), to fill a vacant position at the College. Although the plaintiff expressed concerns about accepting employment [*2]without a written contract, misrepresentations were allegedly made to her that the College was doing well financially and she would not be separated or laid off without cause or notice.
In February 2014, the plaintiff commenced her employment with the College as an associate vice president of academic affairs. Shortly thereafter, she allegedly noticed, inter alia, that many of the College's faculty were not qualified or credentialed to teach various courses to which they were assigned, and that the College's admissions advisors were improperly pressing students to enroll in advanced degree programs for which they were not qualified. The plaintiff allegedly reported these concerns to the College, but no action was taken, and the plaintiff's efforts to correct the College's failures to meet federal and state requirements were thwarted. In August 2015, the College announced that there would be no raises in the upcoming budget, and shortly thereafter, the plaintiff was "laid off."
The plaintiff thereafter commenced this action, asserting, inter alia, causes of action alleging fraudulent inducement and violation of Labor Law § 740. In an order dated May 24, 2017, the Supreme Court granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint. In a subsequent order, dated August 31, 2017, the court, upon granting that branch of the plaintiff's motion which was for leave to reargue her opposition to that branch of the defendants' motion which was to dismiss the cause of action alleging fraudulent inducement, adhered to its prior determination with respect to that branch of the defendants' motion, and denied that branch of the plaintiff's motion which was for leave to renew her opposition to that branch of the defendants' motion which was to dismiss the cause of action alleging violation of Labor Law § 740. The plaintiff appeals from both orders.
We agree with the Supreme Court's determination to grant that branch of the defendants' motion which was to dismiss the cause of action alleging violation of Labor Law § 740, commonly known as the whistleblower statute. The statute provides, in relevant part, that "[a]n employer shall not take any retaliatory personnel action against an employee because such employee . . . discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation" that either "creates and presents a substantial and specific danger to the public health or safety, or . . . constitutes health care fraud" (Labor Law § 740[2][a]).
While the plaintiff in a whistleblower action must prove, at trial, that an actual violation of law, rule, or regulation occurred (see Bordell v General Elec. Co., 88 NY2d 869, 871), it is not necessary, for pleading purposes, that the plaintiff identify in the complaint the specific law, rule, or regulation that the defendant allegedly violated (see Webb-Weber v Community Action for Human Servs., Inc., 23 NY3d 448, 453).
Here, while the amended complaint sufficiently alleges a violation of law, rule, or regulation, it fails to allege any substantial and specific danger to the public health or safety resulting from such violation (compare Nadkarni v North Shore-Long Is. Jewish Health Sys., 21 AD3d 354, and Peace v KRNH, Inc., 12 AD3d 914, with Rodgers v Lenox Hill Hosp., 211 AD2d 248; see generally Remba v Federation Empl. & Guidance Serv., 149 AD2d 131, affd 76 NY2d 801). Moreover, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew her opposition to that branch of the defendants' motion which was to dismiss the Labor Law § 740 cause of action, as the new evidence she tendered in support of renewal "would [not] change the prior determination" (CPLR 2221[e][2]).
We also agree with the Supreme Court's determination, upon reargument, to adhere to its original determination granting that branch of the defendants' motion which was to dismiss the cause of action alleging fraudulent inducement. "New York law is clear that absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired," and the Court of Appeals has "repeatedly refused to recognize exceptions to, or pathways around, these principles" (Smalley v Dreyfus Corp., 10 NY3d 55, 58 [internal quotation marks omitted]). Hence, as a general rule, at-will employees may not claim that they were [*3]induced to accept their position based on the belief that they would enjoy continued employment (see Montchal v Northest Sav. Bank, 243 AD2d 452, 453), "even where the circumstances pertain to a plaintiff's acceptance of an offer of a position rather than his or her termination" (Guido v Orange Regional Med. Ctr., 102 AD3d 828, 831). Since the plaintiff failed to allege any injury independent of termination of her employment, she cannot recover damages for what is, at most, an alleged breach of contract in the guise of a tort (compare Smalley v Dreyfus Corp., 10 NY3d 55, with Laduzinski v Alvarez & Marsal Taxand LLC, 132 AD3d 164).
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court